## MARSHALL v. DANIELS.

An indorsement upon a promissory note, purporting that a sum of money was paid upon it at a particular date, is not of itself sufficient to show such payment at that time, and thus to take the case out of the statute of limitations.

ASSUMPSIT upon a promissory note, dated May 2, 1837, for $50, payable to the plaintiff, or order, in one year, with interest. Writ November 18, 1845.

Plea, the general issue, with a brief statement that the defendant relied upon the statute of limitations.

The plaintiff introduced the note declared on, upon which were two indorsements, one of $13, dated August 25, 1839 ; the other of $20, dated January 1, 1840.

The plaintiff here rested his case. The defendant moved for a nonsuit, on the ground that it was incumbent upon the plaintiff to show by other evidence that said $20 was paid on the first of January, 1840, but the court overruled the motion.

The defendant then introduced evidence tending to show that the $20 was actually paid on the second day of November, 1839, and the plaintiff introduced evidence tending to show that the payment was made on said first day of January, 1840, and the indorsement made on the same day.

The court charged the jury that if, from the whole evidence before them, they found that said $20 was actually paid and indorsed on the day that it purported to be, the note would not be barred by the statute of limitations, and the plaintiffs would be entitled to their verdict for the balance due upon the note ; but if they found that the money was paid on the 2d of November, 1839, then the note was barred, and the defendant would be entitled to their verdict.

The jury found a verdict for the plaintiff, and the defendant moved for a new trial.

Marshall v. Daniells.

*Stickney*, for the defendant, cited *Whitney* v. *Bigelow*, 4 Pick. 111; *Roseboom* v. *Billington*, 17 Johns. 182; Angell on Lim. 262–5; Greenl. Evid. 145.

*Bell & Tuck*, for the plaintiff, cited 1 Greenl. Evid., 2d ed., 149.

PARKER, C. J. More than six years had elapsed from the time when this note became due before the commencement of this action. A recovery upon the note is therefore barred by the statute of limitations, unless the plaintiff can show such a recognition of it, as a debt, within six years next preceding the suit, as will be sufficient to take the case out of the operation of the statute.

For this purpose the plaintiff relied, in the first instance, upon an indorsement appearing upon the note, of the sum of $20, as received in payment within the six years. But that indorsement, standing alone, was not evidence that any payment was made at the time of its date. The note was in the possession of the plaintiff. The indorsement, it is inferred, was in his hand-writing. It does not appear to have been in that of the defendant, nor was any evidence introduced to connect the defendant with it. Whether the plaintiff made it or not is therefore immaterial.

There is under these circumstances no presumption that the indorsement was made at the time of its date, nor that the defendant made a payment at that time.

There was error, therefore, in the ruling, which was, in effect, that the indorsement was *primâ facie* evidence of the payment by the defendant, and sufficient, in the absence of evidence to the contrary, to take the case out of the statute; for unless it had that effect the plaintiff had shown no case, and the motion for a nonsuit was rightfully made.

This error in the ruling of the court is not corrected by

the subsequent proceedings.   Where a motion for a non-
suit, for the want of evidence, is erroneously overruled,
and the defendant, instead of relying upon his motion,
proceeds with the case, and supplies the defect himself, or
it is otherwise supplied beyond dispute, the ruling fur-
nishes no ground for a new trial.   But that is not this
case.   The ruling having made the indorsement presump-
tive evidence of a payment at the time of the date, the
burden of proof was thereby thrown upon the defendant
to rebut that presumption, and so the matter stood
throughout the trial.   The jury were authorized by the
charge of the court to take the indorsement into consid-
eration as evidence, along with the other evidence, and
may have found their verdict upon the supposition that
the indorsement was sufficient to entitle the plaintiff to
recover, unless the proof on the part of the defendant
showed that no such sum was paid at that time.   There
must, therefore, be a
                                                            *New trial.*